UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES SCALF a/k/a DONALD SCALF,
an individual,

        Plaintiff,

v.

BRIGHT HOUSE NETWORKS, LLC,
a foreign limited liability company,

        Defendant.
_____/

Case No.:

6:16-cv-212-orl-28KRS

FILED
2016 FEB -8 PM 4:22
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, JAMES SCALF, a/k/a DONALD SCALF (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, BRIGHT HOUSE NETWORKS, LLC (hereinafter, "Defendant"). In support thereof, Plaintiff states:

### INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3), 28 United States Code, Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 United States Code, Section 1367.

2. Venue in this District is proper because Defendant transacts business in this District, and the conduct complained of occurred in this District.

1

3. At all material times herein, the conduct of Defendant, complained of below, occurs in Volusia County, Florida.

4. At all material times herein, Plaintiff is an individual residing in Volusia County, Florida.

5. At all material times herein, Defendant is a foreign limited liability company existing under the laws of the state of Delaware and regularly provides consumer telecommunication services to consumers—and collects debts allegedly associated with the same—in Volusia County, Florida.

## GENERAL ALLEGATIONS

6. At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

7. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8).

8. At all material times herein, Defendant attempts to collect a debt, specifically, an alleged balance due on a Brighthouse Networks consumer account that is not associated with Plaintiff (hereinafter, the "Alleged Debt").

9. At all material times herein, based upon information and belief, the Alleged Debt is a consumer debt, incurred primarily for personal, household, or family use.

10. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(4); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

11. At all material times herein, Defendant's conduct, with respect to the Alleged Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2).

12. At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

13. All necessary conditions precedent to the filing of this action occurred or were waived by Defendant.

## FACTUAL ALLEGATIONS

14. Defendant's telephone calls, as more specifically alleged below, were placed to Plaintiff's cellular telephone number ending in -5786 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

15. Plaintiff is the owner, regular user, and possessor of a Cellular Telephone with an assigned number ending in -5786.

16. At all material times herein, Defendant lacks Plaintiff's prior express consent to call Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

17. Additionally, if Defendant contends it made said phone calls for "informational purposes only," Defendant nonetheless lacked the required prior express written consent necessary to make informational calls to Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV.

18. Specifically, Defendant repeatedly called Plaintiff's Cellular Telephone in an attempt to collect the Alleged Debt from someone other than Plaintiff. Plaintiff repeatedly advised Defendant of this fact, as discussed below. Defendant, however, nonetheless continued to attempt

to collect the Alleged Debt directly from Plaintiff.

19.  At all material times herein, Plaintiff did not and does not possess a contractual, consumer, or business relationship with Defendant.

20.  Plaintiff never provided his Cellular Telephone number in a transaction that created the Alleged Debt, nor did he ever provide prior express consent for Defendant to call Plaintiff on his Cellular Telephone using an ATDS, a PTDS, or an APV.

21.  Defendant first called Plaintiff's Cellular Telephone in approximately January 2013 using an ATDS, a PTDS, or an APV in an attempt to collect the Alleged Debt from an unrelated third-party named "Sonya Brown."

22.  During the first call to Plaintiff's Cellular Telephone in approximately January 2013, Plaintiff spoke to Defendant's employee or representative and Plaintiff advised that he was not "Sonya Brown," advised Defendant of his name, and further advised that "Sonya Brown" is not affiliated with Plaintiff or his Cellular Telephone.

23.  Defendant acquired notice and actual knowledge that Plaintiff was not the party Defendant intended to call when Plaintiff repeatedly advised Defendant that he is not "Sonya Brown" and repeatedly requested the calls to his Cellular Telephone to cease.

24.  Between approximately January 2013 and October 2015, Defendant called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV up to five (5) days each week, and the frequency of such calls occurred between two (2) and five (5) times per day.

25.  The immediately-aforementioned calls were placed in an attempt to collect the Alleged Debt from Plaintiff.

26.  Altogether, between approximately January 2013 and October 2015, Plaintiff spoke to Defendant's employees or representatives *at least* six (6) times during which Plaintiff repeatedly

provided his own name, advised that "Sonya Brown" was not affiliated with Plaintiff or his Cellular Telephone number, and repeatedly demanded that Defendant cease calling Plaintiff's Cellular Telephone.

27. Despite Plaintiff and Defendant having no relationship whatsoever that would result in Plaintiff giving providing prior express consent for Defendant to place calls to his Cellular Telephone, despite Plaintiff repeatedly providing his own name to Defendant, and despite Plaintiff repeatedly advising Defendant that "Sonya Brown" is not affiliated with Plaintiff or his Cellular Telephone, Defendant continued to place *at least* two-hundred (200) calls to Plaintiff's Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Alleged Debt from an unrelated and unassociated third-party.

28. During many of the above-referenced calls, Defendant left pre-recorded messages on Plaintiff's Cellular Telephone.

29. Plaintiff was not able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Alleged Debt collection calls, to record the specifics on the calls placed by Defendant. Defendant is in the best position to determine and ascertain the number and methodology of calls made to Plaintiff.

30. As a direct result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep, believing that the frequent, repeated debt collection attempts would simply have to be endured unless Plaintiff paid an Alleged Debt he did not owe.

31. Plaintiff retained Leavengood, Dauval, Boyle & Meyer, P.A. for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

32. Florida Statutes, Section 559.77 provides for the award of $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

33. United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call placed using an automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's Cellular Telephone in violation of the TCPA or the regulations proscribed thereunder.

34. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call placed using an automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

35. As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Alleged Debt. Likewise, no final judgment regarding the Alleged Debt has been obtained by, or transferred to, Defendant.

**COUNT ONE:
UNLAWFUL DEBT COLLECTION PRACTICE –
VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)**

Plaintiff re-alleges paragraphs one (1) through thirty-five (35) as if fully restated herein and further states as follows:

36. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by collecting the Alleged Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

37. Specifically, Defendant acquired actual notice that Plaintiff's Cellular Telephone did not belong to "Sonya Brown" at the time of the first collection call placed by Defendant to

Plaintiff's Cellular Telephone and from Plaintiff's repeated advisements that Plaintiff is not "Sonya Brown," repeated advisement of Plaintiff's name, and repeated advisements that "Sonya Brown" is not associated with Plaintiff or his Cellular Telephone.

38. Additionally, despite the Alleged Debt obligation not belonging to Plaintiff, despite Plaintiff never owing the Alleged Debt, and despite Defendant never possessing Plaintiff's prior express consent to call his Cellular Telephone using an ATDS, a PTDS, or an APV, Defendant directly called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV *at least* two-hundred (200) times in an attempt to directly collect the Alleged Debt from Plaintiff.

39. Defendant's conduct could have no purpose other than to annoy and harass Plaintiff into paying the Alleged Debt, as Plaintiff repeatedly advised that he was not the party Defendant sought.

40. Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act and the Telephone Consumer Protection Act as a means to collect an Alleged Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statues, Section 559.72(7).

41. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)**

Plaintiff re-alleges paragraphs one (1) through thirty-five (35) as if fully restated herein and further states as follows:

42. Defendant is subject to, and violated provisions of, Florida Statutes, Section 559.72(9) by attempting to collect the Alleged Debt with knowledge that the Alleged Debt is not legitimate.

43. At no time herein did Plaintiff owe the Alleged Debt to Defendant.

44. Plaintiff repeatedly advised Defendant that he was not "Sonya Brown," that "Sonya Brown" was not related to Plaintiff, and that "Sonya Brown" was not connected to Plaintiff's Cellular Telephone in any way.

45. Specifically, Defendant acquired actual notice that Plaintiff's Cellular Telephone did not belong to "Sonya Brown" at the time of the first collection call placed by Defendant to Plaintiff's Cellular Telephone and subsequently from Plaintiff's repeated advisements that he was not "Sonya Brown," as well as repeated advisements of Plaintiff's name, and repeated advisements that "Sonya Brown" was not associated with Plaintiff or his Cellular Telephone.

46. Additionally, despite the Alleged Debt obligation not belonging to Plaintiff, despite Plaintiff never owing the Alleged Debt, and despite Defendant never possessing Plaintiff's prior express consent to call his Cellular Telephone using an ATDS, a PTDS, or an APV, Defendant directly called Plaintiff's Cellular Telephone using an ATDS, a PTDS, or an APV *at least* two-hundred (200) times in an attempt to collect the Alleged Debt from Plaintiff.

47. Defendant attempted to collect the Alleged Debt from Plaintiff with knowledge that the Alleged Debt was not legitimate (i.e., not Plaintiff's obligation) and as such, Defendant attempted to collect an illegitimate debt from Plaintiff.

48. As a direct and proximate result of Defendant's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT THREE:
## TELEPHONE CONSUMER PROTECTION ACT-
## <u>VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)</u>

Plaintiff re-alleges paragraphs one (1) through thirty-five (35) as if fully restated herein and further states as follows:

49. Defendant is subject to, and violated the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

50. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to call Plaintiff's Cellular Telephone *at least* two hundred (200) times in its attempts to collect the Alleged Debt from Plaintiff.

51. At no time did Defendant possess Plaintiff's prior express consent to call Plaintiff on his Cellular Telephone.

52. Additionally, if Defendant contends said phone calls were made for "informational purposes only," Defendant nonetheless lacked the required prior express consent necessary to make informational calls to Plaintiff's Cellular Telephone using an ATDs or an APV.

53. Furthermore, Defendant acquired actual notice that Plaintiff's Cellular Telephone did not belong to "Sonya Brown" at the time of the first collection call placed by Defendant to Plaintiff's Cellular Telephone and from Plaintiff's repeated advisements that he was not "Sonya Brown," repeated advisements of Plaintiff's name, and repeated advisements that "Sonya Brown" was not associated with Plaintiff or his Cellular Telephone.

54. At no time herein did Defendant possess Plaintiff's prior express consent to call Plaintiff on his Cellular Telephone using an ATDS, a PTDS, or an APV, nor did Defendant possess

any relationship with Plaintiff—contractual or otherwise—that would permit the Alleged Debt collection calls to Plaintiff in an attempt to collect the Alleged Debt.

55. Further, Plaintiff advised Defendant *at least* six (6) times that he was not the party Defendant requested on its calls, provided his own name, and advised that "Sonya Brown" was not associated with Plaintiff or his Cellular Telephone number.

56. Despite Plaintiff's repeated advisements that he was not "Sonya Brown," Defendant placed *at least* two-hundred (200) calls to Plaintiff's Cellular Telephone in an attempt to collect the Alleged Debt using an ATDS, a PTDS, or an APV.

57. Each of Defendant's phone calls complained of herein are the result of a repeated, willful, and knowing violation of the TCPA.

58. As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

    a. The periodic loss of his Cellular Telephone service;

    b. Lost material costs associated with the use of peak time Cellular Telephone minutes allotted under his Cellular Telephone service contract;

    c. The expenditure of costs and attorneys' fees associated with the prosecution of this matter, along with other damages which have been lost;

    d. Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

    e. Statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendant's conduct, Plaintiff respectfully requests against Defendant an entry of:

    a.    Judgment declaring that Defendant violated the FCCPA and the TCPA;

    b.    Judgment for maximum statutory damages for violations of the FCCPA;

    c.    Judgment for statutory damages in the amount of $500.00 for each of Defendant's telephone call that violated the TCPA;

    d.    Judgment for treble damages in the amount of an additional $1,000.00 for each telephone call that violated the TCPA for which Defendant acted knowingly and/or willfully;

    e.    Judgment providing declaratory and injunctive relief, prohibiting Defendant from further engaging in conduct that violates the FCCPA and the TCPA;

    f.    Actual damages in an amount to be determined at trial;

    g.    Punitive damages in an amount to be determined at trial;

    h.    An award of attorneys' fees and costs; and

    i.    Any other such relief the Court may deem proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

### SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully Submitted,

**LEAVENLAW**

/s/ *Aaron M. Swift*
☐ **Ian R. Leavengood, Esq., FBN 0010167**
[X] **Aaron M. Swift, Esq., FBN 093088**
☐ **Gregory H. Lercher, Esq., FBN 0106991**
☐ **Sara J. Weiss, Esq., FBN 0115637**

<div style="margin-left: 40%;">
Northeast Professional Center  
3900 First Street North, Suite 100  
St. Petersburg, FL 33703  
Phone: (727) 327-3328  
Fax: (727) 327-3305  
consumerservice@leavenlaw.com  
aswift@leavenlaw.com  
glercher@leavenlaw.com  
sweiss@leavenlaw.com  
*Attorneys for Plaintiff*
</div>

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA         )
COUNTY OF Volusia        )

Plaintiff James Scalf, a/k/a Donald Scalf, having first been duly sworn and upon oath, deposes and says as

follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_James Scalf_   _Donald Scalf_
James Scalf, a/k/a Donald Scalf

Subscribed and sworn to before me this 29 day of January 2016.

_Mike Campanale_
Notary Public
Proof of I.D.: Known to me

My Commission Expires:
2017


Notary Public State of Florida
Michael V Campanale
My Commission FF 000536
Expires 03/25/2017